Patrick DONELLAN, Plaintiff–
Appellant,

v.

FERAG, INC., Defendant–Appellee.

No. 01–7544.

United States Court of Appeals,
Second Circuit.

Jan. 15, 2002.

Michael J. Willett, Esq., Damon & Morey LLP, Buffalo, NY, (James M. Mucklewee, Esq., of counsel, on the brief), for Defendant–Appellee.

Present Honorable FEINBERG, Honorable KATZMANN, Circuit Judges, Honorable GLEESON,[1] District Judge.

## SUMMARY ORDER

UPON CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the decision of the District Court granting appellee's motion in limine to preclude the testimony of plaintiff's expert witness and the decision of the District Court granting the appellee's motion for judgment as a matter of law be and hereby are AFFIRMED.

Plaintiff–Appellant Patrick Donellan ("plaintiff") appeals from the district court's decision granting the defendant-appellee Ferag, Inc.'s ("defendant") motion for judgment as a matter of law and dismissing the plaintiff's case in its entirety. The plaintiff also appeals the court's decision granting the defendant's motion in limine to preclude the testimony of the plaintiff's expert witness. The plaintiff filed the instant lawsuit to recover damages for injuries he sustained when he tripped over a ramp at the New York Daily News's Jersey City facility, where the plaintiff worked as a mailer. The plaintiff alleges his injuries were a result of the defendant's negligence in the "supply, installation, service and maintenance" of its newspaper processing equipment and the defendant's failure to warn employees of a dangerous condition.

William C. House, Esq., William C. House, P.C., New York, NY, (Edward Sivin, Esq., Sivin & Miller, LLP, New York, NY, on the brief), for Plaintiff–Appellant.

1. The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

74

■ To recover on a theory of negligence, the plaintiff must show that the defendant owed him a duty of care. *See, e.g., Kernan v. One Washington Park Urban Renewal Assoc.*, 154 N.J. 437, 713 A.2d 411, 415 (N.J.1998). The question of whether a duty exists is a matter of law to be decided by the court. *See id.; Carter Lincoln–Mercury, Inc. v. Emar Group, Inc.*, 135 N.J. 182, 638 A.2d 1288, 1294 (N.J.1994). Under New Jersey law, determining whether one owes a duty of care to another requires a "complex analysis that weighs and balances several, related factors, including the nature of the underlying risk of harm, that is, its foreseeability and severity, the opportunity and ability to exercise care to prevent the harm, the comparative interests of, and the relationships between or among, the parties, and ultimately, based on considerations of public policy and fairness, the social interest in the proposed solution." *J.S. v. R.T.H.*, 155 N.J. 330, 714 A.2d 924, 928 (N.J.1998); *see also Alloway v. Bradlees, Inc.*, 157 N.J. 221, 723 A.2d 960, 964 (N.J.1999). Although our review is *de novo*, the analysis itself is based on a number of factors that the district court had the benefit of assessing after hearing all the evidence.

■ While the risk of injury posed by the ramps at the Daily News facility should have been foreseeable to the defendant, foreseeability alone does not establish a duty of care. *See Carter Lincoln–Mercury*, 638 A.2d at 1294; *Kuzmicz v. Ivy Hill Park Apts., Inc.*, 147 N.J. 510, 688 A.2d 1018, 1020 (N.J.1997). The court must still consider other factors, such as the relationship among the parties and the defendant's ability to exercise care to prevent the risk of harm. *See J.S.*, 714 A.2d at 928. The evidence presented at trial established that the Daily News hired Ferag, Inc. to install newspaper processing equipment at its Jersey City facility. Af-

ter the defendant had installed most of the equipment, the Daily News decided to install platforms under the top sheet printers, as well as ramps adjacent to these platforms, to make substitution of the top sheet printers more convenient. There is no evidence that the defendant played any part in making this decision or in the construction or installation of the platforms and ramps. Furthermore, the defendant did not have the authority to remove the platforms or ramps once they were installed by the Daily News. Although Ferag, Inc. employees remained at the Daily News facility after completion of installation, their duties were limited to training Daily News employees to use the equipment, installing software, and troubleshooting.

Based on these facts and considerations of fairness and public policy, the court cannot find that the defendant owed the plaintiff a duty of care with respect to the injuries he sustained when he tripped over the ramp. The plaintiff was not injured by any equipment manufactured, installed, or maintained by the defendant. Moreover, the defendant did not have any control or authority over the Daily News's premises, so liability cannot be imposed on that basis. *See Kuzmicz*, 688 A.2d at 1021 (explaining that ownership or control of the premises enables a party to prevent the harm).

■ The plaintiff's claim for strict products liability was also properly dismissed by the district court. Under strict products liability law in New Jersey, a manufacturer has a duty to ensure that the products it places into the stream of commerce are safe when used for their intended purpose. *See* N.J. Stat. Ann. § 2A:58C–2; *Zaza v. Marquess & Nell, Inc.*, 144 N.J. 34, 675 A.2d 620, 627 (N.J.1996). The focus in a strict liability case is on the product itself. *Id.* When liability is

based on the failure to warn, the issue is whether the manufacturer knew or could have known of the danger and if so, whether it acted reasonably in marketing the product. *See Feldman v. Lederle Labs.*, 125 N.J. 117, 592 A.2d 1176, 1190–91 (N.J. 1991). The plaintiff's products liability claim fails because there is no evidence in this case that the plaintiff was injured by a product that the defendant manufactured or sold.

With respect to the plaintiff's argument that the district court erred in excluding the testimony of plaintiff's expert witness, the trial judge is given broad discretion in the matter of admission or exclusion of expert evidence and the trial court's decision to preclude testimony of an expert should be sustained unless manifestly erroneous. *See Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir.1992). This Circuit requires the exclusion of expert testimony that expresses a legal conclusion. *See id.* The district court properly excluded the testimony of the plaintiff's expert on safety engineering as the expert's testimony would have communicated to the jury that the defendant owed the plaintiff a duty of care. However, the expert's testimony regarding the extreme tripping hazards posed by the ramps should not have been excluded by the trial court, as this evidence did not communicate a legal standard. Nevertheless, that error was harmless given our decision to affirm the district court's order granting the defendant's motion for judgment as a matter of law. *See* Fed.R.Civ.P. 61; *Hygh*, 961 F.2d at 264.

We have considered all of the parties' contentions and arguments on this appeal. The decision of the district court is AFFIRMED.